**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL JAMIL DAVILA PINEDA,<br>Petitioner,<br><br>v.<br><br>LEONARD ODDO, et al,<br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 26-1121 |

**OPINION**

Pending before the court are two pro se motions (ECF Nos. 13, 15) filed by petitioner Michael Jamil Davila Pineda ("Petitioner" or "Pineda") to enforce the court's order[1] that Petitioner receive an individualized bond hearing, with numerous exhibits in support (ECF No. 15-1). The government filed a response in opposition to the motions (ECF No. 16), and the motions are ripe for decision.

In the motions to enforce, Petitioner, a citizen of Nicaragua, admits that he received a bond hearing on July 2, 2026, but argues that the hearing did not result in an individualized determination and failed to comply with the court's order because the immigration judge did not consider critical evidence. Pineda seeks immediate release or another bond hearing. Respondents submitted a transcript of the July 2, 2026 bond hearing before the immigration judge, which the court reviewed (ECF No. 16-1).

[1] The court issued an opinion, order and judgment on June 26, 2026, which granted in part the habeas petition (ECF No. 1), and directed a bond hearing to be held within 10 days of its order (ECF Nos. 7, 8, 9).

In essence, Petitioner argues that the immigration judge failed to meaningfully consider the evidence, made up his mind that Petitioner was a flight risk and that no amount of bond would overcome the risk of flight.

Respondents argue the motion to enforce should be denied. They contend: (1) Pineda failed to exhaust his administrative remedies by appealing to the Board of Immigration Appeals; (2) this court lacks jurisdiction to review discretionary determinations by the immigration judge; and (3) the record confirms that he had a bond hearing that was fundamentally fair and satisfies due process. Respondents point out that the immigration judge based his decision on individualized factors; specifically, during Pineda's merits hearing, the immigration judge found that he was not telling the truth (ECF No. 16-1 at 8); he was subject to a removal order and his prospects for success on appeal were low; and he was arrested in South Carolina for disorderly conduct. The immigration judge concluded that Pineda was a flight risk and also found that there was insufficient evidence about the arrest for Pineda to meet his burden to show that he was not a danger to the community.[2]

Federal courts "lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision," and may only "review whether the bond hearing was fundamentally unfair" such that it violates the detainee's due process rights. *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *see also Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) ("Because we lack jurisdiction to review any discretionary determinations underlying the

[2] The immigration judge explained that if the arrest involved domestic violence, it would not be significant that the charges were dismissed (ECF No. 16-1 at 8). Pineda provided several documents in support of his motion to enforce that showed the charges were dismissed (ECF No. 15-1 at 10-12), but did not provide any information about the underlying conduct that led to the arrest.

[immigration judge's] bond decision, we are limited to reviewing only those of [Appellant's] challenges that pertain to the adequacy of process he received at his bond hearing.").

The United States Court of Appeals for the Third Circuit has advised that a bond hearing under 8 U.S.C. § 1226 is "fundamentally fair," and thus satisfies due process, if three essential elements are present: (1) factfinding based on a record produced before the decisionmaker and disclosed to the detainee; (2) the detainee is allowed to make arguments on his or her behalf; and (3) the immigration judge makes an individualized determination of the detainee's interests. *Ghanem*, 2022 WL 574624 at *2; *see also Quinteros*, 784 F. App'x at 78. This court's review of the bond hearing is limited to considering whether the hearing was fundamentally fair under *Ghanem.*[3]

The court reviewed the transcript of the July 2, 2026 bond hearing, which was provided by Respondents. The record reflects that Petitioner was asked whether he was represented by counsel, but stated he would represent himself. Pineda did not request counsel. An interpreter was provided. The immigration judge gave Pineda a full opportunity to explain why he was not a flight risk or danger.[4] The immigration judge, after hearing Pineda's arguments, concluded that he posed a flight risk that no bond could mitigate and failed to meet his burden on danger.

---

[3] To the extent Petitioner argues that the immigration judge applied the wrong burden of proof, that argument is foreclosed by binding precedent. *See Makeshov v. Oddo*, No. 3:26-CV-00808-JFC, 2026 WL 1579023, at *1 (W.D. Pa. June 3, 2026) (citing *Borbot v. Warden Hudson Cty. Corr. Fac.,* 906 F.3d 274, 278-79 (3d Cir. 2018)); *Modebadze v. Soto*, No. CV 26-1687, 2026 WL 1067835, at *1 (D.N.J. Apr. 17, 2026) ("Because the burden of proof under section 1226(a) remains on aliens at all times, *Borbot*, 906 F.3d at 278-79, the immigration judge did not misapply the standard of proof by requiring Petitioner to show that he was not a flight risk at his bond hearing."). In any event, that issue implicates a question of law, not the fundamental fairness of the hearing and should be addressed in an appeal from the decision of the immigration judge, not in a habeas proceeding.

[4] Whether to permit testimony is a discretionary decision for the immigration judge. *See Jeddou v. Warden of Delaney Hall Det. Ctr.*, No. 2:26-CV-01203, 2026 WL 1005052, at *2 (D.N.J. Apr. 14, 2026) (denying habeas petition based on argument that immigration judge deprived Petitioner of an opportunity to testify).

After reviewing the record, the court concludes the immigration judge made an individualized determination. The immigration judge provided an oral explanation for the decision on the record, which enabled this court to meaningfully review the decision. The immigration judge explained why the adverse credibility finding was concerning, noted that Pineda would not likely succeed in challenging the removal order, and explained his concerns about the disorderly conduct arrest.

Those are individualized circumstances, which the immigration judge considered. The immigration judge was not convinced by Pineda's argument regarding flight risk. Petitioner or this court may disagree with the immigration judge's decision, but that disagreement is not sufficient to show the hearing was fundamentally unfair. This court lacks jurisdiction to overturn the immigration judge's discretionary determination. *Habibi v. Barr*, 445 F. Supp.3d 990, 997 (S. D. Cal. 2020) (court lacks jurisdiction to review immigration judge's discretionary determination about flight risk).

In sum, the bond hearing had each of the essential elements of a fundamentally fair bond hearing and complied with Petitioner's due process rights. Under those circumstances, any other arguments are beyond the scope of this court's review. *See Ghanem*, 2022 WL 574624 at *2.

Conclusion

Because Petitioner received an individualized bond hearing, the motion to enforce court order (ECF No. 15) will be denied.

An appropriate order follows.

Dated: September 8, 2026

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge